IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MARCO'S FRANCHISING, LLC, an Ohio limited liability company; and MP MARKS, LLC, a
Delaware limited liability company,

      Plaintiffs,

v.

MARCO'S COAL FIRED PIZZA, INC., a Colorado corporation; MARCO'S COAL FIRED
PIZZA GOLDEN, LLC, a Colorado limited liability company; MARCO'S COAL FIRED
PIZZA CASPER, LLC, a Colorado limited liability company; MARCO'S VALLAGIO, LLC, a
Colorado limited liability company; RACCA'S PIZZERIA NAPOLETANA, INC., a Colorado
corporation; MARK DYM, an individual; and KRISTY LATORRACA-DYM, an individual,

      Defendants.

---

## COMPLAINT

---

This Complaint arises out of the Defendants' knowing and willful use of the Plaintiffs'

trademarks in Colorado.

### PARTIES

1.      Plaintiff Marco's Franchising, LLC ("Marco's") is an Ohio limited liability

company with its principal place of business at 5252 Monroe St, Toledo, OH 43623.

2.      Plaintiff MP Marks, LLC ("MP Marks") is a Delaware limited liability company

with its principal place of business at 6597 Nicholas Blvd., Cap Ferrat, PH 11, Naples, FL

34108.

3.      Defendant Marco's Coal Fired Pizza Inc. is a Colorado corporation with its

principal place of business at 2129 Larimer Street, Denver, CO 80205.

4.      Defendant Marco's Coal Fired Pizza Golden, LLC is a Colorado limited liability company with its principal place of business at 14500 West Colfax, Suite 345, Lakewood, CO 80401.

5.      Defendant Marco's Coal Fired Pizza Casper, LLC is a Colorado limited liability company with its principal place of business at 2129 Larimer Street, Denver, CO 80205.

6.      Defendant Marco's Vallagio, LLC is a Colorado limited liability company with its principal place of business at 10111 Inverness Main Street, Unit J, Englewood, CO 80112.

7.      Defendant Racca's Pizzeria Napoletana, Inc. is a Colorado corporation with its principal place of business at 2129 Larimer Street, Denver, CO 80205.

8.      Collectively, these five defendants are referred to as the "Coal-Fired Defendants."

9.      Defendant Mark Dym is a resident of the state of Colorado.

10.     Defendant Kristy Latorraca-Dym is a resident of the state of Colorado.

11.     At all relevant times, Defendants Dym and Latorraca-Dym were representatives, owners, servants, or employees of the Coal-Fired Defendants, or materially aided, abetted, or encouraged the conduct described in this Complaint, and in doing so were acting within the course and scope of their authority as owners, agents, representatives, servants, or employees and with the permission and consent of the Coal-Fired Defendants.

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).  All other claims in this action arise from the same transaction or occurrence, and this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

13.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

FACTUAL ALLEGATIONS

## I.      History of Marco's Pizza®.

14.     In 1978, Pasquale "Pat" Giammarco opened the first Marco's Pizza® restaurant in Ohio.  By 2004, Marco's Pizza® had expanded to 112 restaurants.

15.     Marco's is the successor-in-interest to the business started by Mr. Giammarco and, independently or through its affiliated entities or subsidiaries.

16.     MP Marks is the owner of the various Marco's Pizza® trademarks, which are licensed to a number of third-party franchisees throughout the United States.

17.     Marco's has a license agreement with MP Marks for use of all the marks discussed herein.

18.     In 1986, Plaintiffs through their predecessors applied for and registered the trademark "Marco's Pizza®" with the US Patent and Trademark Office (US Trademark Reg. No. 1,392,554).  The "Marco's Pizza®" trademark achieved incontestable status in 1991 and has been continuously used, maintained, and protected by Plaintiffs for over thirty years.  Marco's Pizza® is widely recognized by the general consuming public of the United States as a designation of Plaintiffs' source of goods and services, and is famous within the meaning of the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*

19.     In addition, Plaintiffs and affiliated entities have registered, used, maintained, and protected a number of related trademarks with the US Patent and Trademark Office, all bearing the now famous "Marco's®" name, including, without limitation:

| Mark | Reg. No. & Reg. Date | First Use | Goods/ Services |
|------|----------------------|-----------|-----------------|
| | 1172629 10/6/1981 | 8/16/1978 | Class 42: Restaurant and carry-out services |
| | 1316241 1/22/85 | 3/1/1983 | Class 42: Restaurant and carry-out services |
| MARCO'S PIZZA | 1392554 5/6/1986 | 7/31/1978 | Class 30: Pizza for consumption on or off the premises Class 42: Restaurant and carry-out services |

| | | | |
|---|---|---|---|
| | 2136580<br>2/17/1998 | 1/9/1996 | Class 42; Restaurant and carry-out services |
| MARCO'S | 4252905<br>12/4/2012 | 7/31/1978 | Class 30: Pizza Class 43: Restaurant services, namely, providing of food and beverages for consumption on and off the premises |
| | 4435229<br>11/19/2013 | 12/31/1985 | Class 43: Restaurant services, namely, providing food and beverage for consumption on and off the premises; catering services |

20.    All of Plaintiffs' Marco's® trademarks are now famous within the meaning of the Lanham Act, 15 U.S.C. §1051, *et seq.,* and most have achieved incontestable status.

21.     Over the past decade, Plaintiff Marco's has expanded the number of Marco's Pizza® restaurants, and they now total 839 locations nationwide, including 16 restaurants in Colorado.  Marco's has spent significant resources to promote and protect the Marco's Pizza® brand and its affiliated trademarks.

22.     The Marco's Pizza® restaurants have acquired a recognizable reputation as a leader in Colorado and the rest of the United States in providing high quality, affordable pizza. As such, using the name "Marco's®" and "Marco's Pizza®" in the relevant community is synonymous with Marcos Pizza® restaurants and their reputation, and is widely recognized by the general consuming public of the United States as a designation of source of the Plaintiffs' goods and services.

**II.     Defendants' formation of "Marco's Coal Fired Pizza."**

23.     Upon information and belief, Defendants Dym and Lataorraca-Dym were living in Ft. Lauderdale, Florida until 2007, where Dym was employed as a commodities broker at a firm called Executive Commodity Corporation, among other places.  They relocated to Colorado in approximately May 2007.

24.     In 2008, Dym and Latorraca-Dym decided to open a restaurant in Denver operating under the trade name "Marco's Coal Fired Pizza."[1]  Upon information and belief, at no time have Defendants sought or obtained registration of the "Marco's Coal Fired Pizza" trademark from the US Patent and Trademark Office.

25.     On December 18, 2008, Marco's contacted Dym, informing him that the name he had chosen for his new restaurant, "Marco's Coal Fired Pizza," was likely to cause marketplace

---

[1] On December 30, 2008, Defendants did file a trademark registration with the Colorado Secretary of State for the mark, "Marco's Coal-Fired."  Defendants subsequently allowed that registration to expire on December 31, 2013.

confusion with Plaintiffs' chain of pizza restaurants bearing the Marco's Pizza® name, and that the adoption of such a trade name created the risk of diluting the value of Plaintiffs' trademarks and trade name. A copy of that communication is attached as **Exhibit 1.**

26.     Notwithstanding notification from Plaintiffs, Defendants opened two additional restaurants in Englewood, Colorado and Lakewood, Colorado, also operating under the trade name "Marco's Coal Fired Pizza."

### III.    Defendants abandoned the "Marco's Coal Fired Pizza" name due to actual marketplace confusion.

27.     In 2015, due to repeated incidents of actual marketplace confusion, Dym and Latorraca-Dym changed the name of all three of their restaurants from "Marco's Coal Fired Pizza" to "Racca's Pizzeria Napoletana."  They later opened up a fourth restaurant in Caspar, Wyoming under the trade name "Racca's Pizzeria Napoletana."

28.     On December 7, 2015, a Denver newspaper published an article entitled *Marco's Coal Fired Pizza Changes Name to Racca's Pizzeria Napoletana.* A copy of this article is attached as **Exhibit 2.**

29.     The article notes that Dym had considered abandoning the "Marco's Coal Fired Pizza" trade name since the previous summer (*i.e.*, 2014) because confusion grew among potential customers between Dym's restaurant and Plaintiffs' Marco's Pizza® restaurants.

30.     The article further states that—according to Dym—Casper's mayor told Dym that he had recently eaten at one of the Plaintiffs' Marco's Pizza® restaurants, mistakenly believing that it was one of the restaurants owned and operated by Dym.  Dym indicated that this was further evidence of the kind of marketplace confusion he believed warranted changing the name of his restaurants to "Racca's Pizzeria Napoletana."

31.     On December 8, 2015, Dym again admitted in a *Denver Business Journal* newspaper article that there existed actual marketplace confusion between the two companies, stating, "Those guys [Plaintiff in this case] have 600 stores and are one of the fastest-growing food concepts in the country. We've got a completely different product and people started really confusing us."  A copy of this article is attached as **Exhibit 3.**

32.     Following their abandonment of the trade name "Marco's Coal Fired Pizza," Defendants operated under the name "Racca's Pizzeria Napoletana" until July 2017.

33.     While Defendants operated under the name "Racca's Pizzeria Napoletana," there were no other known further incidents of actual marketplace confusion on the part of consumers regarding Defendants' and Plaintiffs' restaurants.

**IV.     Defendants' state their intention to switch back to the name "Marco's Coal Fired Pizza."**

34.     On July 17, 2017, a Denver newspaper published an article on its website, with the headline *Racca's Returns to Its Original Marco's Name*. A copy of this article is attached as **Exhibit 4.**

35.     The article quotes Dym and says that he "has made the decision to ignore any confusion created by that other chain and return his restaurant to its original name."

36.     The article further characterizes the most recent name change as a "re-re-branding," but provides no explanation for Defendants' intent to resume business under a tradename known to cause actual marketplace confusion.  The article quotes Dym as saying, "[T]he bottom line is it's just because we missed [the Marco's® name]."

37.     On July 18, 2017, Plaintiffs again contacted Dym, citing the July 17 article and reminding Dym that resuming use of the names "Marco's Coal Fired Pizza" and "Marco's"

would constitute illegal infringement on Plaintiffs' trademark rights. A copy of this letter is attached as **Exhibit 5.**

38.     The July 18, 2017 letter pointed out that Defendants' stated intention to re-re-brand his restaurant "Marco's Coal Fired Pizza" demonstrated a willful disregard for Plaintiffs' rights and an intent to divert customers and business away from Plaintiffs' restaurants through the use of a name that the Defendants know will cause marketplace confusion.

39.     The July 18, 2017 letter demanded that Defendants cease and desist any further unlawful use of Plaintiffs' trademarks and that Dym contact Plaintiffs regarding his intention to comply.

40.     As recently as July 27, 2017, the Racca's website, www.raccaspizzeria.com, displayed the following graphic, with the words "Make Raccas Marco's Again":



41.     This graphic links to the Coal-Fired Defendants' social media account, which displays the same graphic, and the statement:

> **raccaspizzeria** We are officially going back to our roots! ALL Colorado @raccaspizzeria pizzeria locations are changing the name back to #MARCOS! Follow our new instagram @marcoscfp #makeraccasmarcosagain #pizzafiredbypassion #feelslikehome #pizzerianapoletana #certified

42.     As recently as October 3, 2017, that same website displayed the following graphic:



43.     As recently as October 3, 2017, the Marco's Coal Fired Pizza website, https://www.marcoscfp.com/, displays the same logo and includes links to the company's Facebook and Instragram pages.

44.     On July 31, 2017, a Denver news outlet, KUSA-TV, published an article on its website with the headline *Denver Pizza Joint Reverts Back to its Original Name*.  A copy of this article is attached as **Exhibit 6**.

45.     The article states that "[a]fter nearly two years under its new moniker, Racca's Pizzeria Napoletana is going back to being Marco's Coal-Fired Pizza."  The article further states that Defendants previously abandoned the Marco's name and changed the name of their restaurant to "Racca's Pizzeria Napoletana" "because owner Mark Dym was tired of getting confused with Marco's Pizza, a growing Ohio-based chain with locations across the country, including 14 in Colorado."

46.     As of August 2, 2017, Defendants have begun changing the signage on their pizza restaurants to "Marco's." In the depiction of the neon signage, the word "Pizza" appears beneath "Marco's," with the words "Coal-Fired" in smaller letters between "Marco's" and "Pizza."  In the depiction of the storefront signage, the name "Marco's" is prominently displayed.  Copies of photos depicting Defendants' signage, taken on said date, are attached as **Exhibit 7.**

## CLAIMS FOR RELIEF

### I.      First Claim for Relief (Federal Trademark Infringement—Against Coal-Fired Defendants)

47.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

48.     Plaintiffs have invested significant sums to establish enforceable and protectable trademarks so consumers associate the name "Marco's Pizza®" and "Marco's®" with their chain of pizza restaurants, and not with any other similar restaurants in the Colorado market.

49.     The Coal-Fired Defendants have never had any right or authority to use Plaintiffs' marks in connection with establishing a similar restaurant in the Colorado market.

50.     The Coal-Fired Defendants have violated several provisions of the Lanham Act by infringing Plaintiffs' trademarks in interstate commerce through various acts, including establishing and marketing restaurants with a confusingly similar and nearly identical name.  The Coal-Fired Defendants' use of Plaintiffs' trademarks is without permission, and their use of the name "Marco's Coal Fired Pizza" and "Marco's" has, by their own admission, caused and is likely to continue to cause confusion and mistake, and to deceive consumers.

51.     Coal-Fired Defendants' acts of infringement have been and continue to be committed with the willful intent to cause confusion and mistake, to deceive, and to trade on the goodwill established by Plaintiffs through many years in business.

52.     As a result of the Coal-Fired Defendants' willful and intentional infringement of Plaintiff's trademarks, Plaintiffs are entitled to recover (1) the Coal-Fired Defendants' profits, (2) Plaintiffs' actual damages, (3) treble damages for the use of counterfeit marks, and (4) Plaintiffs' attorneys' fees and costs.

## II.     Second Claim for Relief (Contributory Trademark Infringement—Against Defendants Dym and Latorraca-Dym)

53.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

54.     As alleged above, the Coal-Fired Defendants willfully and intentionally infringed Plaintiffs' trademark.

55.     At all relevant times, Dym and Latorraca-Dym were aware that only Plaintiffs and their licensees were authorized to use the Marco's® and Marco's Pizza® trademarks and tradenames in connection with the marketing and promotion of pizza restaurants in the Colorado market.

56.     Dym and Latorraca-Dym had the authority and ability to prevent the Coal-Fired Defendants from using Plaintiffs' names and trademarks, but instead deliberately and intentionally acted to ensure that the Coal-Fired Defendants improperly and unlawfully used Plaintiffs' names and trademarks.

57.     Dym and Latorraca-Dym had actual knowledge that they and the Coal-Fired Defendants were unlawfully using Plaintiffs' name and trademarks in connection with their

specific pizza restaurants in the Colorado market.  Despite this knowledge, Dym and Latorraca-Dym failed to make reasonable efforts to stop the Coal-Fired Defendants' infringement of those trademarks, and were actually responsible for such unlawful conduct.

58.     Dym and Latorraca-Dym knowingly facilitated the infringement of Plaintiffs' name and trademarks operating and marketing the Coal-Fired Defendants under the trade name "Marco's Coal Fired Pizza" and "Marco's."

59.     As a result of their intentional efforts to assist and facilitate infringement of Plaintiffs' names and trademarks, Dym and Latorraca-Dym are jointly and severally liable for the damages caused by the Coal-Fired Defendants' infringement of Plaintiffs' name and trademark, in an amount to be established at trial.

## III.     Third Claim for Relief (Unfair Competition Under 15 U.S.C. § 1125(a)(1)(A), (B)—Against the Coal-Fired Defendants)

60.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

61.     The Coal-Fired Defendants promote and advertise pizza restaurants using the trade name "Marco's Coal Fired Pizza," which is nearly identical to the Plaintiffs' federally registered Marco's Pizza® and Marco's® trademarks.

62.     The Coal-Fired Defendants do not have the right or authority to use the federally registered Marco's® or Marco's Pizza® trademarks in connection with promoting or advertising pizza restaurants.

63.     The Coal-Fired Defendants' use of the Marco's® name in connection with the marketing and promotion of pizza restaurants has caused and is likely to cause confusion and mistake, and to deceive consumers as to the Coal-Fired Defendants' affiliation, connection, and

association with Plaintiffs, and has caused and is likely to cause ongoing confusion regarding Plaintiffs' sponsorship or approval of the Coal-Fired Defendants' products and restaurants.

64. The Coal-Fired Defendants' use of the Marco's® name is a violation of 15 U.S.C. § 1125(a)(1)(A).

65. The Coal-Fired Defendants' use of the Marco's® name to market and advertise its pizza and restaurants is deceptively misdescriptive and false.

66. The Coal-Fired Defendants' use of the Marco's® name constitutes false and misleading representations of fact. The Coal-Fired Defendants' activities constitute false and misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

67. The Coal-Fired Defendants' actions have been committed willfully with the intent to damage Plaintiffs and divert business from Plaintiffs and their affiliates and franchisees, and have caused and will continue to cause damage to Plaintiffs until such time as it is permanently enjoined by this Court.

**IV. Fourth Claim for Relief (Contributory Unfair Competition Under 15 U.S.C. § 1125(a)(1)(A), (B)—Against Defendants Dym and Latorraca-Dym)**

68. Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

69. As alleged above, the Coal-Fired Defendants engaged in activities violating 15 U.S.C. § 1125(a)(1)(A) and (B), including using the Marco's® and Marco's Pizza® trademarks to market and advertise their pizza restaurants.

70. Dym and Latorraca-Dym knew that the Coal-Fired Defendants did not have the authority, permission, or right to use the Marco's® and Marco's Pizza® trademarks and names in connection with the marketing and promotion of Defendants' pizza restaurants.

71.     Dym and Latorraca-Dym had the authority and ability to ensure that the Coal-Fired Defendants did not engage in false or misleading advertising by using the Marco's® and Marco's Pizza® trademarks and names in connection with the marketing and promotion of pizza restaurants.

72.     Mark Dym and Latorraca-Dym had actual knowledge that the Coal-Fired Defendants were unlawfully using, and continue to unlawfully use, the Marco's® and Marco's Pizza® trademarks and names in connection with the marketing and promotion of their pizza restaurants.  Despite this knowledge, Dym and Latorraca-Dym have failed to make reasonable efforts to stop the Coal-Fired Defendants' false, misleading, improper, and deceptive conduct, and are actually responsible for such unlawful conduct.

73.     As a result of their intentional efforts to assist and facilitate the Coal-Fired Defendants' violation of 15 U.S.C. § 1125(a)(1)(A) and (B), Dym and Latorraca-Dym are jointly and severally liable for the damages caused by the Coal-Fired Defendants' acts of unfair competition, in an amount to be established at trial.

**V.      Fifth Claim for Relief (Dilution Under 15 U.S.C. § 1125—All Defendants)**

74.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

75.     Plaintiffs' marks are distinctive, either inherently or through acquired distinctiveness, through their many years of continuous use.

76.     Defendants intend to and have commenced use of Plaintiffs' marks in commerce after those marks became famous.

77.     As Dym has repeatedly admitted, Defendants' use of Plaintiffs' marks is likely to cause dilution by blurring and dilution by tarnishment.

78.     As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable injury and loss of reputation.

**VI.     Sixth Claim for Relief (Unfair Competition Under Colorado Law—Against All Defendants)**

79.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

80.     Defendants' actions as described above have deceived and are likely to continue to deceive the public and therefore constitute unfair competition in violation of the common law of the State of Colorado.

81.     Defendants' actions have been intentional and deliberate.

82.     Defendants' actions and activities have been committed willfully, with the intent to damage Plaintiffs and divert business from Plaintiff and its affiliates and franchisees, and have caused and will continue to cause damage to Plaintiffs.

**VII.     Seventh Claim for Relief (Deceptive Business Practices Under § 6-1-105, C.R.S.—Against All Defendants)**

83.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

84.     Defendants have chosen to market, promote, and advertise their pizza restaurants using a trade name that is deceptively similar to the Plaintiffs' and the Plaintiffs' federally registered trademarks.

85.     Defendants have no right and are not authorized to use Plaintiffs' trademarks or trade names in connection with marketing, promoting, or advertising their pizza restaurants in the same Colorado market as Plaintiffs and their affiliates and franchisees.

86.     Defendants' use of the trade names "Marco's Coal Fired Pizza" and "Marco's" to market, promote, and advertise their pizza restaurants in the same market as Plaintiffs and their affiliates and franchisees is deceptive, misleading, and false.

87.     Defendants' use of the trade names "Marco's Coal Fired Pizza" and "Marco's" to market, promote, and advertise their restaurants in the same market as Plaintiffs and their affiliates and franchisees has been and continues to be willful and deliberate.

88.     Defendants' conduct constitutes deceptive business practices in violation of § 6-1-105, C.R.S.

89.     Defendants' actions and activities have been committed willfully with the intent to damage Plaintiffs and divert business from Plaintiffs, and have caused and will continue to cause damage to Plaintiffs until such time as Defendants are permanently enjoined by this Court.

**VIII. Eighth Claim for Relief (Accounting—Against All Defendants)**

90.     Plaintiffs incorporate the allegations above as though fully set forth in this paragraph.

91.     Plaintiffs are entitled to the profits Defendants have made by infringing upon its trademarks.

92.     Plaintiffs request an accounting of all revenues derived by Defendants through their infringing activities to determine the amounts of damages to which Plaintiff is lawfully entitled.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief:

A.      On their First Claim for Relief, judgment against the Coal-Fired Defendants for trademark infringement and an award of damages to Plaintiffs in an amount to be proven at trial;

B.      On their Second Claim for Relief, judgment against Defendants Dym and Latorraca-Dym, jointly and severally, for contributory trademark infringement and an award of damages to Plaintiffs in an amount to be proven at trial;

C.      On their Third Claim for Relief, judgment against the Coal-Fired Defendants for their acts of unfair competition and an award of damages to Plaintiffs in an amount to be proven at trial;

D.      On their Fourth Claim for Relief, judgment against Defendants Dym and Latorraca-Dym, jointly and severally, for their acts of unfair competition and an award of damages to Plaintiffs in an amount to be proven at trial;

E.      On their Fifth Claim for Relief, judgment against all Defendants for dilution by blurring and dilution by tarnishment.

F.      On their Sixth Claim for Relief, judgment against all Defendants for their acts of unfair competition and an award of damages to Plaintiffs in an amount to be proven at trial;

G.      On their Seventh Claim for Relief, judgment against all Defendants for their deceptive business practices in violation of § 6-1-105, C.R.S., and damages, including but not limited to treble damages, to Plaintiffs in an amount to be proven at trial;

H.      On their Eighth Claim for Relief, an accounting of all revenues derived by Defendants through their infringing activities.

I.      Entry of a permanent injunction precluding all Defendants and their officers, directors, agents, representatives, brokers, broker associates, servants, employees, and those acting in concert with them, from:

      i.      Using or infringing upon any of Plaintiffs' trademarks;

      ii.      Engaging in any false or misleading marketing, promotion, or advertising that misrepresents or has the potential to misrepresent the Defendants' affiliation with Plaintiffs or their affiliates and franchisees; and

      iii.      Engaging in any acts of unfair competition relative to Plaintiffs or their affiliates and franchisees.

J.      As to all claims for relief, for attorney's fees and costs, expert witness fees, pre-judgment and post-judgment interest as allowed by law, and for such further relief as the Court deems just and proper.

      DATED:  October 25, 2017

      Respectfully submitted,

      SHERMAN & HOWARD L.L.C.

      */s/ James G. Sawtelle*
      James G. Sawtelle
      Christopher M. Jackson
      633 17th Street, Suite 3000
      Denver, CO 80202
      Tel: (303) 297-2900
      Fax: (303) 298-0940
      Email: jsawtelle@shermanhoward.com
      Email: cjackson@shermanhoward.com

      ATTORNEYS FOR PLAINTIFF

<u>Plaintiffs' Address:</u>
5252 Monroe St.
Toledo, Ohio 43623

6597 Nicholas Blvd.
Cap Ferrat, PH 11
Naples, FL 34108