IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02550-MSK-NYW

MARCO'S FRANCHISING, LLC, an Ohio limited liability company; and MP MARKS, LLC, a Delaware limited liability company,

       Plaintiffs,

v.

MARCO'S COAL FIRED PIZZA, INC., a Colorado corporation; MARCO'S COAL FIRED PIZZA GOLDEN, LLC, a Colorado limited liability company; MARCO'S COAL FIRED PIZZA CASPER, LLC, a Colorado limited liability company; MARCO'S VALLAGIO, LLC, a Colorado limited liability company; RACCA'S PIZZERIA NAPOLETANA, INC., a Colorado corporation; MARK DYM, an individual; and KRISTY LATORRACA-DYM, an individual,

       Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

---

Defendants Marco's Coal Fired Pizza, Inc.; Marco's Coal Fired Pizza Golden, LLC; Marco's Coal Fired Pizza Casper, LLC; Marco's Vallagio, LLC; Racca's Pizzeria Napoletana, Inc.; Mark Dym; and Kristy Latorraca-Dym ("MCFP Defendants") hereby respond to the numbered paragraphs in the non-verified Complaint filed on October 25, 2017, as follows:

1. The MCFP Defendants admit that Marco's Franchising, LLC is the name of an existing Ohio Limited Liability Company, and are without sufficient knowledge or information to admit or deny the remaining allegations.

2. The MCFP Defendants are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

3. Admit.

4. Admit.

5. The MCFP Defendants admit that Marco's Coal Fired Pizza Casper, LLC is a Colorado limited liability company, and affirmatively state that the principle place of business of this entity is 430 S. Ash St. Casper, 82601.

6. Admit.

7. In response to the allegations in paragraph 7, the MCFP Defendants admit that Defendant Racca's Pizzeria Napoletana, Inc. is a Colorado corporation, affirmatively state that this entity is a shell corporation that conducts no business, and further state that on the Colorado Secretary of State website, the principal place of business is stated to 2129 Larimer Street, Denver, CO 80205.

8. This allegation does not require an admission or denial.

9. Admit.

10. Admit.

11. The MCFP Defendants affirmatively state that "At all relevant times," as alleged in this paragraph, is vague and therefore they deny the allegations of this paragraph.

12. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

13. If this Court has subject matter jurisdiction and supplemental jurisdiction over the claims asserted, the MCFP Defendants admit that venue would then be proper in this district.

14. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

15. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

16. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

17. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

18. As to the first two sentences of this paragraph, the MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same. The MCFP Defendants deny the third sentence of this paragraph.

19. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

20. The MCFP Defendants specifically deny that any of the marks identified in paragraph 19 are famous (for purposes of a dilution claim, or otherwise), and are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore deny the same.

21. The MCFP Defendants are without sufficient knowledge or information to admit or deny these allegations and therefore deny the same.

22. In response to paragraph 22, Defendants state that the "relevant community" is vague, and further deny each of the allegations of this paragraph..

23. As to the allegations in paragraph 23, the MCFP Defendants admit that Kristy Lataorraca-Dym and Mark ("Marco") Dym lived in Florida in 2007, that Mr. Dym worked in financial

services, and deny the remaining allegations because they are vague and thus not subject to admission or denial.

24. Deny. Defendants opened MARCO'S COAL FIRED PIZZERIA in 2008, and would have no reason to seek a registration of "Marco's Coal Fired Pizza."

25. The document referred to in paragraph 25 speaks for itself, and therefore no response is required.

26. Defendants deny they opened any restaurants under the name "Marco's Coal Fired Pizza," regardless of any notification from Plaintiffs. Defendants affirmatively state they have never had any notification from Plaintiff MP Marks, LLC, aside from the Complaint filed in this case in October 2017.

27. The MCFP Defendants deny the first sentence of paragraph 27. As to the second sentence of this paragraph, the MCFP Defendants admit that Mr. Dym and Ms. Latorraca-Dym operate a restaurant in Casper, Wyoming named "Racca's Pizzeria Napoletana."

28. The document referred to in paragraph 28 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

29. The document referred to in paragraph 29 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

30. The document referred to in paragraph 30 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

31. The document referred to in paragraph 30 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

32. Deny, as to any abandonment, as to the tradename set forth, and as to a causal event regarding non-existent abandonment.

33. The MCFP Defendants deny the existence of any market place confusion as alleged, and therefore deny the allegations of this paragraph.

34. The document referred to in paragraph 34 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

35. The document referred to in paragraph 35 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

36. The document referred to in paragraph 36 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is

inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

37. The document referred to in paragraph 37 speaks for itself, and therefore no response is required.

38. The document referred to in paragraph 38 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

39. The document referred to in paragraph 39 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

40. The MCFP Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

41. The allegations of this paragraph are vague and therefore the MCFP Defendants deny these allegations.

42. The MCFP Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

43. The MCFP Defendants deny the existence of a "Marco's Coal Fired Pizza" website, and further deny the remaining allegations in this paragraph.

44. The document referred to in paragraph 44 speaks for itself, and therefore no response is required.

45. The document referred to in paragraph 45 speaks for itself, and therefore no response is required. The MCFP Defendants additionally respond that the document referred to is inadmissible hearsay, and deny that the document sets forth any admissions by any of the MCFP Defendants.

46. As to the allegations in paragraph 46, the MCFP Defendants deny the first sentence. As to the remaining allegations, the signage referred to and depicted speak for themselves, and therefore no response is required.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**

47. The MCFP Defendants incorporate their responses to paragraphs 1-46 herein.

48. The MCFP Defendants are without sufficient knowledge or information to admit or deny what Plaintiffs have invested, and therefore deny that they invested "significant sums," and further deny the remaining allegations of this paragraph.

49. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph.

50. The MCFP Defendants deny each allegation in this paragraph, and specifically deny that they are using marks they are not authorized to use.

51. The MCFP Defendants deny each allegation in this paragraph, and specifically deny that they are using marks they are not authorized to use.

52. The MCFP Defendants deny that they are using marks they are not authorized to use and further deny the remaining allegations of this paragraph.

**SECOND CLAIM FOR RELIEF**

53. The MCFP Defendants incorporate their responses to paragraphs 1-52 herein.

54. The MCFP Defendants deny each allegation in this paragraph, and specifically deny that they are using marks they are not authorized to use.

55. The MCFP Defendants deny each allegation in this paragraph, and specifically deny that they are using marks they are not authorized to use.

56. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

57. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

58. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

59. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

**THIRD CLAIM FOR RELIEF**

60. The MCFP Defendants incorporate their responses to paragraphs 1-59 herein.

61. Deny.

62. The MCFP Defendants deny that they are using marks they are not authorized to use, including the marks alleged in this paragraph.

63. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

64. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

65. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

66. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

67. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

**FOURTH CLAIM FOR RELIEF**

68. The MCFP Defendants incorporate their responses to paragraphs 1-67 herein.

69. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

70. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

71. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the allegations of this paragraph in their entirety.

72. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

73. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

**FIFTH CLAIM FOR RELIEF**

74. The MCFP Defendants incorporate their responses to paragraphs 1-73 herein.

75. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

76. The allegation of famous in this paragraph is conclusory, without any of the necessary specificity required by F.R.C.P. Rule 9, and thus no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny Plaintiffs' conclusory allegation of "fame" as to any of the marks described in the Complaint.

77. Deny. Plaintiffs affirmatively state that the documents attached to the Complaint negate the allegations in this paragraph.

78. Deny. Plaintiffs affirmatively state that the Complaint fails to set forth any allegations that justify the conclusory statement that they have suffered irreparable injury and loss of reputation as a result of any actions taken by the MCFP Defendants.

**SIXTH CLAIM FOR RELIEF**

79. The MCFP Defendants incorporate their response to paragraphs 1-78 herein.

80. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

81. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny the allegations.

82. Deny. Plaintiffs affirmatively state that the Complaint fails to set forth any allegations that justify the conclusory statements regarding willfulness, intent, damages and causation.

**SEVENTH CLAIM FOR RELIEF**

83. The MCFP Defendants incorporate their response to paragraphs 1-79 herein.

84. Deny. Defendants affirmatively state that Plaintiffs' inaction for several years in addressing alleged concerns demonstrates no such concerns exist, and in any event that Plaintiffs may not pursue alleged concerns for reasons addressed in the affirmative defenses.

85. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

86. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

87. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

88. The allegations of this paragraph are conclusions of law as to which no responsive pleading is required. To the extent that a response is required, the MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

89. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

**EIGTH CLAIM FOR RELIEF**

90. The MCFP Defendants incorporate their response to paragraphs 1-89 herein.

91. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

92. The MCFP Defendants deny that they are using marks they are not authorized to use, and further deny the remaining allegations of this paragraph in their entirety.

**DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**

1. The Plaintiffs' have used registrations referenced in the Complaint in an anticompetitive manner. In 2008, the Dyms opened their first MARCO'S COAL FIRED PIZZERIA in the Ballpark neighborhood of downtown Denver ("MCFP-Ballpark," registered with the Secretary of State as Marco's Coal Fired Pizza, Inc.). Shortly thereafter, Plaintiff Marco's Franchising, LLC ("Franchise") sent Mark Dym a cease and desist letter ("2008 Cease/Desist"), claiming an interest in a single trademark "Marco's Pizza." At the time, the Franchise was not doing business in Colorado, as evidenced by the 2008 Cease/Desist. MCFP-Ballpark responded that the Marco's Pizza mark was not inherently distinct, and that mere registration would not create a conclusive presumption of strength in a

likelihood of confusion analysis. Thereafter, the Dyms did not hear from the Franchise for nearly 9 years, until July 2017. What occurred in the intervening years, culminating with this lawsuit, demonstrates the way in which the Franchise (and its co-plaintiff) have used marks they claim as theirs in an anticompetitive manner.

(i) In 2008, the Franchise claimed the "Marco's Pizza" mark and the tradename (and associated logo) used by some of the defendants in this case, "MARCO'S COAL FIRED PIZZERIA," was creating confusion in the market place, without defining any market place, and threatening to dilute the value of the name "Marco's Pizza"—a claim requiring the name to have obtained dilution fame., which it had not obtained.

(ii) In late 2011, the Dyms began to operate a second MARCO'S COAL FIRED PIZZERIA (MCFP-Vallagio, registered with the Secretary of State as Marco's Vallagio, LLC).

(iii) In early 2012 (January 16, 2012), the Franchise filed an application to register the mark "Marco's," and in doing so, John Butorac, the President and CEO of the Franchise signed a sworn declaration stating that to the best of his knowledge, no other person or business had the right to use the mark "Marco's" in a manner that would create confusion. Notably, Mr. Butorac failed to disclose the existence of the MARCO'S COAL FIRED PIZZERIA restaurants operating in the Denver metro area, suggesting either a belief that the names "Marco's" and "MARCO'S COAL FIRED PIZZERIA" are not confusingly similar in connection with the respective services and products offered, or alternatively, that Mr. Butorac's declaration misstate the Franchise's actual knowledge and beliefs.

(iv) On December 4, 2012, the Franchise procured a registration for "Marco's," as admitted by Plaintiffs in their Complaint (See Complaint, ¶19). Thereafter, for another nearly five years, the Franchise initiated no contact with any of the Defendants, making claims that any operations of a restaurant as "MARCO'S COAL FIRED PIZZERIA" was in conflict with any of their marks, including the Marco's Pizza mark referenced in the 2008 Cease/Desist, and the 2012 "Marco's" registration.

(v) On July 18, 2017, the Franchise sent Mr. Dym a cease and desist letter, after more than 8.5 years of silence since the 2008 Cease/Desist was sent (July 2017 Cease/Desist). In this second Cease/Desist, the Franchise stated that "We have notified you on previous occasions that your use of "Marco's" is an infringement of the Franchise's "Marco's Pizza" mark. The Cease/Desist went

on to say that it would seek an injunction to prevent the Dyms from operating their restaurants as MARCO'S COAL FIRED PIZZERIAs." The Franchise did not communicate with the Defendants about the 2012 "Marco's" registration.

(vi)     On October 25, 2017, the Franchise and its co-plaintiff filed this action, claiming generally that 7 defendants were infringing on multiple marks controlled by the Plaintiffs, and that the continued operations of MARCO'S COAL FIRED PIZZERIA was creating confusion in the market place with the Franchise's marks, and particularly the "Marco's" and "Marco's Pizza" marks.

(vii)    The Franchise did not perceive any likelihood of confusion between the "Marco's" mark it sought to registered and "MARCO'S COAL FIRED PIZZERIA," a mark that had been actively used and recognized in the Denver Metro area for a period of four years at the time the "Marco's" application was made.

(viii)   If the "Marco's" mark and MARCO'S COAL FIRED PIZZERIA were not confusingly similar in January 2012, requiring the Franchise to disclose the existence of the Dyms' two pizzerias trading as MARCO'S COAL FIRED PIZZERIA, then the names are not confusingly similar now. Alternatively, a claim by the Franchise that the names are now confusingly similar, suggests the Franchise (and its co-plaintiff) are using their registrations, and in particular, the "Marco's" registration and "Marco's Pizza" registration in an anticompetitive way.

(ix)     In this case, the Plaintiffs:
   a.  Sought an immediate preliminary injunction seeking an order from the Court mandating that the Dyms cease operating any restaurants as "MARCO'S COAL FIRED PIZZERIA," despite that they could have sought the same injunction in July of 2017, with far less impact on the Dyms and the businesses they operate.

   b.  The Complaint alleged 8 claims for relief, including a Dilution claim, wherein the Plaintiffs asserted, without any support other than a bald declaration, that all of their marks, including "Marco's" and "Marco's Pizza", are famous for purposes of a dilution claim. In other words, that the mere use of the name "Marco's" or "Marco's Pizza" is a *household name* (like McDonalds, Apple, Ford Motor Company, etc.), uniquely associated with Franchise pizza, and that these marks had eclipsed any other associations. (See Defense/Affirmative Defense, below)

c. As demonstrated by the defenses/affirmative defenses asserted below, the Complaint had numerous fundamental issues, as did the Motion for Preliminary Injunction filed simultaneously.

(x) The Plaintiffs case is so flawed that it suggests it is a sham on its face, intended to use economic bullying tactics to foist heavy economic burdens on any food services businesses operating with the Franchise mark "Marco's." Certainly, that is what has occurred here. The name "Marco's" had not even reached incontestable status as of the date the Complaint was filed, has no secondary meaning (let alone dilution fame). The apparently thin manner in which the Complaint and Preliminary Injunction were supported, the claims for not just damages against the entity defendants but also against indivduals, including a full accounting, attorney fees and treble damages to punish the defendants for their badfath and willful actions, a permanent injunction despite no allegations of a harm that can't be compensated by damages, seeking disgorgement of profits for a period of just a few months, and an accounting of the Dyms personally, and the repeated admonitions from representatives of the Plaintiffs that this case is going to be very expensive to pursue, fuarther support Defendants' beliefs.

(xi) Plaintiffs' Damage claims are speculative at best, and over reaching, as is entire action. Marco's is a commonly used name in commerce, and is associated with hundreds of restaurants, dozens of which offer pizza.

In short, there is more than enough circumstantial evidence to suggest that the Plaintiffs intent in filing this case is economic intimidation, and not to protect the public from receiving information pertinent to consumer decision making. Here, Mark (Marco) Dym is uniquely associated with Marco's Coal Fired Pizzeria, as demonstrated by the numerous awards and his involvement in the community. (See Response to Motion for Preliminary Injunction, incorporated herein, filed November 15, 2017, Doc.).

2. All of the claims in the Complaint are barred by the doctrine of laches. To the extent the Plaintiffs may have set forth any legally cognizable claims of trademark infringement, false designation of origin, unfair competition, false advertising, dilution, and/or deceptive trade practices, like claims were first made or suggested in the 2008

Cease/Desist, and then not acted upon for nearly years.  The Dyms and the MARCO'S COAL FIRED PIZZERIAs they operate will be unduly prejudiced by the Franchise (and its co-plaintiff) having slept on any rights they claim to have in this case.  Plaintiffs failed to claim any rights in these marks until July 2017, and thereafter, for another several weeks following the sending of the July 18, 2017 Cease/Desist, despite knowing delay would lead to a change in the status quo, making the injunctive relief sought particularly burdensome to bare.  All of this was done despite pleading no imminent harm in this action, relying on a non-existent presumption of imminent harm premised on *de minimis* alleged evidence of actual confusion.

3.  Each of the claims in the Complaint are also barred by the principles of estoppel or acquiescence.  The Plaintiffs actively consented to the Dyms use of the MARCO'S COAL FIRED PIZZERIA mark.  By way of one example of the Plaintiffs' active consent, in January 2012, when the CEO of the Franchise failed to disclose the existence of MARCO'S COAL FIRED PIZZERIA, it conveyed its consent to the operation of businesses under the MARCO'S COAL FIRED PIZZERIA tradename in the area where those businesses operate.  (Alternatively, the sworn declaration attendant to the Marco's application failed to disclose material information to the USPTO), and is fraud on the United States Government and thus cannot be the basis of a valid registration. To the extent the Plaintiffs have set forth any legally cognizable claims, those claims were first made in a cease and desist letter sent on December 18, 2008, and were rejected in a response to that letter.  Since 2008, Mark Dym and Kristy Latoaracca Dym have reasonably relied upon the lack of any further communication as

a knowing acquiescence by the owners of the pleaded registrations to the continued activities of pizzerias operated by the Dyms, including those named as Defendants in this case. Defendants are prejudiced by the delay between the representation of acquiescence and the assertion of the claims in the Complaint, and the delay by the Plaintiffs was and is not excusable. The Plaintiffs additionally failed to file a Complaint for several weeks after their July 2017 cease and desist letter, despite knowing of the imminent intentions of the Dyms.

4. Each of the claims of the Complaint is barred by the doctrine of unclean hands. As demonstrated by the allegtaions made in the above defenses/affirmative defenses, even if the Plaintiffs are otherwise entitled to relief, they have acted so badly with respect to the claims alleged in the Complaint that the public interest in not rewarding the plaintiffs with protection of the trademarks laws they have misused, outweighs the need to stop any of the Defendants' conduct. In addition to demonstrating a misuse of the trademark laws for anti-competitive purposes, allegations in the Complaint demonstrate unclean hands, including but not limited to the following examples: Plaintiffs' mischaracterize exhibits 1-7; allege willful infringement contradicted by several exhibits attached to the Complaint; and falsely allege that certain pizzerias operated by the Dyms advertise themselves and operate under the tradename "Marco's Coal Fired Pizza." Further, Plaintiffs' claim for damages, treble damages, and attorney fees, given the contradiction between the attachments to the Complaint and the allegations in the Complaint, show bad faith and over reaching on the part of the Plaintiffs, particularly with regard to claims against individual defendants, from whom the Plaintiffs seek an

accounting of monies earned from the operations of five entity defendants over the course of the last few months, since shortly after July 2017.

5. The formative "Marco's" is not a separately protectable right under any of the pleaded federal registrations, for purposes of alleging infringement of a registered mark under the Lanham Act. Furthermore, the 2012 registration of this mark is invalid because the application failed to mention the prior use of MARCO'S COAL FIRED PIZZERA, and therefore the declaration attendant to the application is fraudulent and the registration should be cancelled. Alternatively, the failure of the 2012 application to mention the prior use of MARCO'S COAL FIRED PIZZERIA demonstrates the Plaintiffs did not believe there to be any likely confusion between the "Marco's" mark and "MARCO'S COAL FIRED PIZZERIA.," or that they failed to enforce rights they believed themselves to have for more than 3 years.

6. The registration of the stylized "Marco's Pizza "trademark in 2013 (as addressed in paragraph 19 of the Complaint) is invalid because the application failed to mention the prior use of MARCO'S COAL FIRED PIZZERIA, and therefore the declaration attendant to the application is fraudulent and the registration should be cancelled. Alternatively, the failure of the 2013 application to mention the prior use of MARCO'S COAL FIRED PIZZERIA demonstrates the Plaintiffs did not believe there to be any likely confusion between the stylized Marco's Pizza trademark and MARCO'S COAL FIRED PIZZERIA.

7. Each of Plaintiffs' claims for relief fail to state a claim upon which relief can be granted. The allegations are conclusory without supporting factual averments. The tenet that a

court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions, and threadbare recital of the elements of a cause of action, supported by mere conclusory statements do not suffice to state claim for relief. Plaintiffs' allegations offer merely labels and conclusions and a formulaic recitation of the elements of certain causes of action, and this is insufficient to show a plausible entitlement to relief. If the factual allegations of the Complaint are presumed to be true and construed in the light most favorable to the plaintiffs, the Plaintiffs have failed to plead facts that allow this Court to draw the reasonable inference that the defendants are liable for the misconduct alleged.

8. The Plaintiffs fail to plead their third claim for relief (and therefore the derivative fourth claim for relief) with sufficient specificity, and specifically fail to plead sufficient factual content to show any material misrepresentation, or that any misrepresentation actually deceived or has the tendency to deceive a substantial segment of the audience, that the defendants placed any false or misleading statement in interstate commerce; and that the plaintiffs are likely to be injured as a result of any misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

9. The Plaintiffs' fail to plead their fifth claim for relief with sufficient specificity, and specifically fail to plead sufficient factual content to support the requisite fame requirement, and therefore the claim should be dismissed as lacking facial plausibility.

10. Plaintiffs' sixth claim for relief for common law unfair competition does not set forth allegations within the parameter of the tort of common law unfair competition in Colorado. Plaintiffs have not alleged any conduct on the part of Defendants that

involves using or copying Plaintiffs' products and has not alleged confusion as to the source of products.

11. Plaintiffs' seventh claim for relief for deceptive business practices fails to state a claim for relief because it has not been pled with particularity pursuant to Fed.R.Civ.P. 9(b). *See Cavitat Med. Techs., Inc. v. Aetna, Inc.,* No. 04-cv-01849, 2006 WL 218018 at *3 (D. Colo. Jan. 27, 2006)(holding that claims under Section 6-1-105 of the Colorado Consumer Protection Act must be pled with particularity pursuant to Fed.R.Civ.P. 9(b)).

12. Three of the Defendants in this case, Marco's Coal Fired Pizza Casper, LLC, Marco's Coal Fired Pizza Golden, LLC and Racca's Pizzeria Napoletana, Inc. have never operated any business using the tradename "MARCO'S COAL FIRED PIZZERIA," and therefore should be dismissed from this case because none of the claims allege the names under which these three entities operated violate any provisions of the Lanham Act or related state claims.

13. There is no likelihood of confusion as between any of the words or designs illustrated by the registrations alleged in the Complaint, and the manner of use of "MARCO'S COAL FIRED PIZZERIA" as illustrated and discussed in the Complaint. None of the pizzerias operated by the Dyms advertise themselves as "Marco's Pizza." Two pizzerias operated by the Dyms, the MARCO'S COAL FIRED PIZZERIAs in Ballpark and Vallagio have developed significant fame (with regard to whether a likelihood of confusion exists) in the Denver Metropolitan area and good will in the tradename "MARCO'S COAL FIRED PIZZERIA." Mark ("Marco") Dym is well known in the

Denver Metropolitan area, and has operated one or more pizzerias named "MARCO'S COAL FIRED PIZZERIA" since 2008. These pizzerias have won dozens of local and national awards, including but not limited to awards for Best Pizza, Best New Restaurant, Best Wings, Best Meat Ball Sandwiches, Best Bartender, Best Independent Pizzeria of the Year. Mark (Marco) Dym has been a celebrity chef at numerous events, including the James Beard House in New York, and has been taped for an appearance on a well-known cooking show. There is no confusion in the Denver Metro area as to the true source of goods and services sold under the name MARCO'S COAL FIRED PIZZERIA.

14. The allegations against the individuals Mark and Kristy Dym provide an insufficient basis to establish the derivative claims (second and fourth claims for relief), and certainly inadequate pleading of "willfull" and "bad faith" and "intent to benefit from consumer confusion." Mark (Marco) Dym has used his name in association with his business for years, going back to the 1980s when he operated a Marco's Pizza in Florida, using his nick name as he has in his 21st Century pizzeria operations.

15. The Plaintiffs and franchisees of Marco's Franchising, LLC are not competitors of any of the named Defendants and do not sell competing services or products; and do not sell their services or products through the same distribution chain as any of the named Defendants. The Complaint does not suggest otherwise.

16. Marks referenced in the Complaint are not distinctive or otherwise protectable for purposes of the Lanham Act or the state law claims. Notably, two of the marks referenced in the Complaint have not achieved incontestability status, are merely

descriptive, with no secondary meaning, and therefore are not valid trademarks warranting protection claimed in the Complaint.

17. Counts I-VIII of the Complaint fails to state a claim upon which relief may be granted as to at least five of the six marks referenced in the Complaint because the Plaintiffs do not allege that these marks have been used in commerce in Colorado or the Denver metropolitan market.

18. The "MARCO'S COAL FIRED PIZZERIA" restaurants operated by the Dyms are and have always been identified by a trade name, trade dress and marks that are very different and distinct from the trade names, trade dress and service marks used by licensees of the Plaintiffs.

19. The Plaintiffs lack standing to bring any of the claims for relief because they have not shown it is likely, as opposed to merely speculative, that the injury they claim will be redressed by a favorable decision. Moreover, on separate grounds, the Plaintiffs lack standing to bring their third and fourth claims for relief.

20. The Dyms have used the name "MARCO'S COAL FIRED PIZZERIA" in good faith, and fairly.

21. Any alleged nominative uses of the named marks are not infringing uses.

22. The Plaintiffs failed to sufficiently plead the grounds necessary to establish a right to a preliminary or permanent injunction, and in particular failed to sufficiently plead that they will be imminently harmed if injunctive relief (either permanent or preliminary) is not entered.

23. The Plaintiffs have failed to plead allegations sufficient to justify their claim for damages, treble damages, or attorney fees. In particular, Plaintiffs' pray for statutory damages and attorney's fees is barred by the Lanham Act, Colorado Consumer Protection Act.

24. Without any admission by Defendants that Plaintiffs suffered injury in any way, to the extent that Plaintiffs did suffer such injury, their claims are barred in whole or in part because they failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate their damages, or can only show speculative damages, certainly insufficient to justify an accounting against 2 individuals and 5 entities for a period of a few months.

25. Plaintiffs fail in whole or in part to the extent they have suffered no damages.

26. Federal law preempts some or all of Plaintiffs' claims asserted under state law.

27. The Plaintiffs fail to plead a trade area in which they claim they are entitled to have an injunction. The Plaintiffs and any franchisees of Franchise open to the public do not operate in the same trade areas as any of the Defendant entities.

28. There are multiple vague allegations in paragraphs 15, 16, 18, 19 of the Complaint, among multiple others, and insufficient allegations regarding the Plaintiffs, to permit the Defendants to determine if the Plaintiffs have the rights to assert the claims set forth in the Complaint, and therefore whether the Court has subject matter jurisdiction over the claims.

29. Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiffs' claims.

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by their Complaint and for a judgment in favor of Defendants and against Plaintiffs, dismissing the Complaint.

2. That the MCFP Defendants be awarded their costs of suit, including reasonable attorney's fees and exemplary damages in order to deter future Plaintiffs from inequitable use of the trademark laws, designed to protect the consuming public and not intended as an anti-competitive tool of registration owners.

3. That any equitable relief against any of the Plaintiffs or Defendants be narrowly tailored and proportional to the Court's findings.

DATED: December 4, 2017

Respectfully submitted,

TSOUCARIS LAW, LLC

*/s/ Valissa Tsoucaris*
Valissa Tsoucaris
3000 Holly Street
Denver, CO 80207\
Tel: (303) 229-1090
Email: valissa@tsoucarislaw.com

CERTIFICATE OF SERVICE


I hereby certify that on the 4t$^h$ day of December, 2017, I will electronically file the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT with the Clerk of Court using the CM/ECF system, which then send a notification of such filing to the following:

James G. Sawtelle
Christopher M. Jackson
633 17th Street, Suite 3000
Denver, CO 80202
Email: jsawtelle@shermanhoward.com
Email: cjackson@shermanhoward.com


*/s/ Valissa Tsoucaris*
Valissa Tsoucaris
3000 Holly Street
Denver, CO 80207
Tel: (303) 229-1090
Email: valissa@tsoucarislaw.com