IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02550-MSK-NYW

MARCO'S FRANCHISING, LLC, an Ohio limited liability company; and MP MARKS, LLC, a Delaware limited liability company,

      Plaintiffs,

v.

MARCO'S COAL FIRED PIZZA, INC., a Colorado corporation; MARCO'S COAL FIRED PIZZA GOLDEN, LLC, a Colorado limited liability company; MARCO'S COAL FIRED PIZZA CASPER, LLC, a Colorado limited liability company; MARCO'S VALLAGIO, LLC, a Colorado limited liability company; RACCA'S PIZZERIA NAPOLETANA, INC., a Colorado corporation; MARCO'S COAL FIRED PIZZERIA COLFAX, LLC, a Colorado limited liability company; MARK DYM, an individual; and KRISTY LATORRACA-DYM, an individual,

      Defendants.

---

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT
FOR VIOLATIONS OF PRELIMINARY INJUNCTION**

---

Plaintiffs Marco's Franchising, LLC and MP Marks, LLC respectfully request that this

Court enter an order requiring the Defendants to show cause why they should not be held in civil

contempt for violating multiple provisions of the preliminary injunction entered on July 23,

2018, and ordering other relief the Court deems appropriate.

### STATEMENT OF CONFERRAL

Pursuant to Local Rule 7.1, Plaintiffs' state that they have conferred with Defendants'

counsel about this motion.  They communicated by letter and email laying out their concerns

with the Defendants' failure to comply with the Court's order, and before filing this Motion they

asked Defendants whether they would oppose it.  The Defendants oppose the relief requested.

## INTRODUCTION

The Defendants have failed to comply with the Court's Order Regarding Stipulated

Motion for Entry of Preliminary Injunction issued on July 23, 2018, ECF No. 77 (the "Order").

Among other obligations, the Order required Defendants, by July 27, 2018, to cease use of the

tradename "Marco's Coal Fired Pizzeria" or the use of any tradename for restaurant operations

that included "Marco's" in conjunction with the words "Pizza" or "Pizzeria."  As detailed in this

Motion, there is substantial evidence that the Defendants—from immediately after the deadline

to today, a period of 82 days—have disregarded these requirements.

There is strong evidence that the Defendants have willfully ignored the provisions of the

Order—an Order that directly adopted language that the Defendants, through their counsel,

negotiated, drafted, and agreed upon.  For example, evidence shows that the Defendants changed

advertising and branding on their menus used in restaurants to use both the violative "Marco's

Coal Fired Pizzeria" tradename and the new, agreed-upon "Marco's Coal Fired" name and logo

together on the same menus.  Using these marks together indicates that these changes must have

been made after the Order was issued, with an intent on the Defendants' part to disregard their

clear obligation to stop using the "Marco's Coal Fired Pizzeria" name.

The Plaintiffs have made repeated efforts to identify and resolve these issues with the

Defendants, but after four weeks, the Defendants still have not complied with the Order, thereby

forcing the Plaintiffs to seek the instant relief.  Although the Plaintiffs acknowledge that some

changes have slowly been made, many were made months after the compliance deadline and

only in response to Plaintiffs raising concerns.  Substantial violations continue to this day, and the Plaintiffs continue to suffer damages as a result.

Accordingly, the Plaintiffs respectfully submit that the Defendants should be ordered to show cause as to why they should not be held in contempt for violating the Court's injunction Order.  The Plaintiffs further respectfully request that the Court order all other equitable relief it deems appropriate, including but not limited to requiring Defendants to (1) provide a full accounting of all steps taken to comply with the injunction and file certifications of compliance with the Order; (2) pay daily fines until Defendants purge the contempt; and (3) pay Plaintiffs' costs and fees associated with bringing this motion.

## FACTUAL BACKGROUND

### A.  Defendants Commit to Cease Using Infringing Tradenames and Logos.

On May 22, 2018, Defendants asserted in their portion of the joint Proposed Scheduling Order that they would "immediately cease use of the tradename 'Marco's Coal Fired Pizzeria' or the use of any tradename for restaurant operations that includes 'Marco's' in conjunction with 'Pizza/Pizzeria'" and would add a disclaimer to their website and menus disavowing an affiliation with or sponsorship from Plaintiffs.  (ECF No. 59, at 5.)  On July 10, 2018, Defendants again represented to the Court that they had "committed in a filing" to take actions to voluntarily remove "pizza" or "pizzeria" from their "public facing logos, signs, website and ultimately their menus, and add a disclaimer disavowing an affiliation with Plaintiffs," and referenced their "willingness to keep their commitments."  (ECF No. 71.)  Likewise, Defendant Mark Dym swore in a July 9, 2018 affidavit that "we decided to stop using the words pizza or pizzeria from the public facing part of our business (signs, logos, website, and ultimately menus),

and making sure, through a disclaimer, that our customers knew we were not associated with

Plaintiffs in any way. . . . [T]his activity is largely complete." (ECF No. 71-2).

By mid-July 2018, in light of these representations by Defendants, the parties negotiated

a stipulated preliminary injunction order to avoid a hearing on matters not in dispute.

Defendants had the opportunity to draft, review, and negotiate language they felt was appropriate

to govern their obligations going forward. On July 18, 2018 counsel for Defendants provided

revisions to the proposed injunction language, suggesting these edits and the "more precise

language [Defendants] earlier proposed makes for a less ambiguous order. The revisions we

have made are what my clients will sign . . . ." *See* Ex. A. Plaintiffs accepted Defendants'

proposed language and drafted a proposed order accordingly. *Id.* On July 20, 2018, Defendants'

counsel accepted the proposed stipulation. *Id.* Counsel also requested that Plaintiffs' counsel

"please take a look at the website, signage, etc." noting, "We think all of this is done, but I don't

want to revisit on the 27th if you disagree." *Id.* The parties filed their Stipulation Motion for

Entry of Preliminary Injunction on July 23, 2018. (ECF No. 76.)

**B. The Court Enters Its Preliminary Injunction Order.**

On July 23, 2018, the Court adopted the parties' Stipulated Motion and their agreed-upon

language. (ECF No. 77.) The Order states:

1. This preliminary injunction is to remain in effect through the pendency of this litigation, unless earlier dissolved by the Court by agreement of the parties.

2. The Dyms will cease use of the tradename "Marco's Coal Fired Pizzeria," or the use of any tradename for restaurant operations that includes "Marco's" in conjunction with "Pizza"/"Pizzeria," but will instead use the name and logo, Marco's Coal Fired, either alone or in conjunction with other words. This change shall apply to the tradenames Defendants' use in commerce, interior and exterior signage, and future marketing and

advertising. It will not apply to Defendants social media accounts, where Marco's Coal Fired Pizza or Pizzeria may still be used while this case is pending, or to the continued use of the website, www.marcoscfp.com.

3.     Defendants will include a disclaimer on its website and menus disclaiming any affiliation with Plaintiffs or their branded Franchise outlets, which will read as follows: NOT affiliated with, endorsed or sponsored by Marco's Pizza or Marco's Franchising, LLC.

4.     The Defendants will not build, open, or operate any restaurant of any brand at the Colfax Location.

5.     The deadline for Defendants to comply with the terms in Paragraphs 2 and 3 of this Order is July 27, 2018.

**C.  Defendants Fail to Comply with the Order's Deadline and Have Continued to Violate the Injunction Order.**

Defendants' prior statements that they would "immediately" cease use of the tradenames and logos for "Marco's Coal Fired Pizzeria," and any use of "Marco's" in conjunction with "pizza" or "pizzeria," were inaccurate.  Plaintiffs began to notice Defendants' violations of the injunction, and in an attempt to avoid additional motions practice, Plaintiffs maintained records of the ongoing violations, including taking screenshots of websites and marketing materials, while engaging in efforts to confer with Defendants to resolve these violations.

On September 18, Plaintiffs sent the Defendants a letter identifying numerous examples of current and ongoing violations, attaching screenshots of violations taken at 45 days and again at 53 days *after* the Court's compliance deadline.  *See* Ex. B and attached screenshots from September 10 and 18, 2018.  Plaintiffs identified numerous examples of continued use of the "Marco's Coal Fired Pizzeria" tradename and logo in marketing and advertising, including on various pages of Defendants' website, www.marcoscfp.com.  For example:

- The homepage stated, "At **Marco's Coal Fired Pizzeria** we want to bring that feeling to you," and "We look forward to seeing you at **Marco's Coal Fired**

**Pizzeria**.” The page also pictured Mark Dym in a t-shirt with “**Marco's Coal Fired Pizzeria**” logo.

- The pages for Defendants' Press Kit, Press & Awards, and Privacy Policy used or linked to the “**Marco's Coal Fired Pizzeria**” tradename and logo, including stating, “At **Marco's Coal Fired Pizzeria**, pies are fired in imported, custom coal and wood ovens” and “Try **Marco's Coal-Fired Pizzeria** Limoncello Chicken Wings,” and linking consumers to view awards given to “**Marco's Coal Fired Pizzeria**.”

- The delivery and catering menus linked from the Order Online page used the “**Marco's Coal Fired Pizzeria**” tradename and logo.

*Id.* at 2–3. Plaintiffs also identified numerous examples of external marketing on third-party sites that continued to advertise “**Marco's Coal Fired Pizzeria**,” with no indication that Defendants had taken any steps in the 53 days following the compliance deadline to conform their external advertising on sites like Google, Eater Denver, Trip Advisor, Grubhub, Open Table, Westword, and Zagat. *See* Ex. B; *see also* Ex. F (screenshots of violations on third-party sites on October 1 and 6, 2018). The Court's required disclaimer also did not appear on electronic menus accessible from the Defendants' website, and Defendants had not provided information regarding whether these disclaimers appeared on physical menus in its restaurants.

Plaintiffs also identified ongoing uses of “Marco's” in conjunction with “Pizza” or “Pizzeria,” including multiple violations on Defendants' *Racca's Pizzeria Napoletana* website, and on the main page of www.marcoscfp.com, where a “Pizza Fired by Passion” logo appears beneath the new, compliant “Marco's Coal Fired” logo, and where the phrase “Pizza Fired by Passion” was (and continues to be today) listed in blacked-out text, viewable only when highlighted. *See* Screenshots, Ex. B. Plaintiffs requested that Defendants confirm and provide appropriate evidence of their full compliance with all requirements of the Order by September 20, 2018. *Id.*

On September 21, 2018, Defendants' counsel sent a response email.  *See* Ex. C. Counsel asserted that Plaintiffs had pointed out "two months later [after his July 20 request for Plaintiffs to review changes], the few things on the website that were overlooked in the previous scrub." Counsel also noted that, as a result of the letter, Defendants had now reached out to online delivery and reservation providers to help spur those providers to make changes to how they present Defendants' restaurants.  *Id.*

Defendants' counsel also asserted that the "Pizza Fired by Passion" logo box was "not connected at all with the Marco's Coal Fired words and logo."  *Id.*  Counsel did not address the blacking out of the phrase "Pizza Fired by Passion" immediately beneath the word Marco's, viewable only by highlighting or searching, but noted Defendants' position that the presence of the word "pizza" on the same page or website as the Marco's Coal Fired tradename and logo should not constitute an extension of that tradename.  *Id.*  Counsel did not address how this position squares with Defendants' prior statements in their court filings that they would remove the words "pizza" or "pizzeria" from their "public facing logos, signs, website, and ultimately their menus."  *See* ECF Nos. 71, 71-2.  Counsel also noted that links to awards that reference the "**Marco's Coal Fired Pizzeria**" tradename should not be considered a violation of the injunction.  Counsel requested that Plaintiffs "wait until next week to see where the changes land."  *Id.*

On September 29, 2018, counsel for Plaintiffs was on-site at Defendants' Inverness restaurant location and identified numerous ongoing violations of the Order, including repeated use of the "**Marco's Coal-Fired Pizzeria**" or "**Marco's Coal Fired Pizza**" tradename and logo on the front door, on pizza and happy hour menus, on posters, on flyers for happy hour, delivery,

take-out, and catering, on servers' uniforms, in bathrooms, on merchandise for sale, on to-go

pizza boxes, and elsewhere.  *See* Ex. E, Affidavit of N. DeWeese (detailing numerous violations

and enclosing photographs).  Counsel did observe disclaimer stickers on the outside pocket of

certain (not all) menus, but also observed menus containing both the "**Marco's Coal Fired**

**Pizzeria**" and the "**Marco's Coal Fired**" tradenames and logos together, directly next to each

other on the same menu, with a third, hybrid logo stating only "Pizzeria."  *See id.* at ¶¶ 6–8.

### D.  Plaintiffs Make a Renewed and Final Effort to Resolve Violations.

On October 1, 2018, more than two months after the Court's compliance deadline,

Plaintiffs sent the Defendants another letter identifying ongoing violations of the Order and

providing a chronology of Defendants' past commitments to stop using the "Marco's Coal Fired

Pizzeria" tradename, and to remove the words "pizza" and "pizzeria" from their websites,

menus, marketing, and advertising.  *See* Ex. D.  In a last-ditch effort to avoid the need to seek

Court assistance, Plaintiffs allowed yet another cure period, requesting that Defendants provide a

response by October 5, 2018 detailing their efforts made to correct the violations.

Two days after the requested response date, on October 7, 2018, the Defendants sent an

email stating that "[t]he agreement and stipulated preliminary injunction based on it did not

contain any certification requirement," and that "disclaimer stickers might fall off a menu, or be

removed by a customer."  *See* Ex. C.  Defendants declined to provide a list of or detail corrective

actions taken, noting instead that "we are not aware of any corrections that need to be made to

the website, or marketing and advertising outside of social media, that fall within the terms of the

PI."  *Id.*

## ARGUMENT

**1.  This Court Has the Authority to Grant the Requested Relief.**

Plaintiffs seek an order requiring Defendants to show cause why they should not be held

in contempt for their multiple violations of the Order.  The Court has broad discretion in using its

contempt powers to require adherence to its orders.  *See, e.g.*, *Eighth Dist. Elec. Pension Fund v.*

*Elec. Forces LLC*, No. 07-CV-01465-LTB-CBS, 2011 WL 1399691, at \*2 (D. Colo. Mar. 28,

2011).  A civil contempt sanction is designed to coerce a contemnor to take actions required by a

mandatory court order, providing the opportunity to purge the contempt by complying with the

underlying order.  *Id.*

A judicial finding of civil contempt requires the movant to prove by clear and convincing

evidence, that (1) a valid court order existed; (2) the defendant had knowledge of the order; and

(3) the defendant violated or disobeyed the order.  *See id.* at \*3–4; *see also FTC. v. Kuykendall*,

371 F.3d 745, 756–57 (10th Cir. 2004).  Once the movant establishes a prima facie case, the

burden shifts to the alleged contemnor to produce evidence at a show-cause hearing that it did

not violate the court's order or was excused from compliance.  *Eighth District*, at \*4 (citing

*Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)).  A contemnor may be excused from

complying by demonstrating its inability to comply, but this burden requires proof "beyond the

mere assertion of an inability."  *Id.*  Instead, the contemnor must demonstrate that it has made "in

good faith all reasonable efforts to comply."  *Id.* (citations omitted).  Where the goal is

Defendants' compliance with the Order, the court "must consider the character and magnitude of

the harm threatened by the continued contumacy, and the probable effectiveness of any

suggested sanction in bringing about the result desired." *Id.* at \*5 (citing *O'Connor v. Midwest Pipe Fabrications, Inc.*, 872 F.2d 1204, 1211 (10th Cir. 1992)).

As demonstrated below, Plaintiffs have satisfied the conditions to establish a prima facie case of civil contempt by clear and convincing evidence, and the Court may ultimately impose contempt sanctions against Defendants.

### 2. The Preliminary Injunction Was Valid and Unambiguous.

There is no question the July 23, 2018 Order is a valid and unambiguous court order, and that Defendants had knowledge of it. The parties negotiated, drafted, and proposed the Order's language to the Court by stipulation. In fact, Defendants rejected Plaintiffs' proposed language, insisting on their own proposed language in the final proposed stipulation. *See* Ex. A. Defendants cannot now argue that they didn't understand their own language, wholly adopted by the Court, especially when their own counsel wrote that Defendants' was the "more precise language . . . [that] makes for a less ambiguous order." Ex. A.

### 3. Defendants Have Violated and Continue to Violate the Order.

The Defendants have been making representations to Plaintiffs and to the Court over a period of many months, even prior to the Order, that they would immediately cease using the "Marco's Coal Fired Pizzeria" tradename and logo and "Marco's" in conjunction with "pizza" or "pizzeria," and would remove the words "pizza" and "pizzeria" from their customer-facing materials like menus, signs, and other marketing and advertising. Although Defendants may have initially "scrubbed" their materials (Plaintiffs still are not certain what that means or what activities and changes took place back in July, prior to the Order), the Court nevertheless imposed a strict deadline of July 27, 2018 to ensure full compliance with the terms of the Order.

10

That deadline came and went with ongoing violations, and without any communication from

Defendants about what activities they had undertaken to comply with the Order.  And

Defendants did not communicate about their injunction obligations until nearly two months later

in their September 21, 2018 response email to Plaintiff's detailed list of violations sent on

September 18, 2018.  *See* Ex. B, attaching screenshots of violations.  Even then, Defendants did

not provide specifics and were non-committal about correcting identified violations.

Importantly, in addition to numerous violations of the Order at their Inverness restaurant

location, as identified by Plaintiffs, Defendants may have gone beyond simply ignoring or

delaying their obligations.  For example, Defendants appear to be purposefully violating the

Order through substantial use of the old, violative "Marco's Coal Fired Pizzeria" tradename and

logo together with and directly next to the new, compliant "Marco's Coal Fired" tradename and

logo on the same menus—menus that are distributed to customers in the Inverness restaurant,

and presumably in the Ballpark and other locations, as photographed below:



Photograph, September 29, 2018, showing "Marco's Coal-Fired Pizzeria," "Marco's Coal Fired," and "Pizzeria" tradenames and logos together on same menu, a smaller menu contained inside a larger, pocket menu and distributed to customers throughout the restaurant. *See also* Image 7, Ex. E, attached to Affidavit of Nicholas M. DeWeese. No disclaimer appeared on this menu or other smaller happy-hour or table menus. *See* Ex. E, Affidavit of N. DeWeese, at ¶ 6; *see, e.g.*, Ex.E, Image 5, showing table feature menu without disclaimer sticker.



Photograph, September 29, 2018, of large, laminated pocket menu showing "Marco's Coal Fired Pizzeria" tradename and logo on lower left and in black and orange background sections, together with "Marco's Coal Fired" and "Pizzeria" tradenames and logos, while simultaneously including the Court's required disclaimer on a small sticker. *See* Ex. E, Image 2; *see also* Ex. E, Affidavit of N. DeWeese, at ¶¶ 5–8.

*See* Ex. E, Aff. of N. DeWeese, enclosing sixteen Inverness restaurant photographs.

This does not appear to be an "inadvertent" error or something "overlooked in the previous scrub," but rather, a purposeful effort to design menus that include both logos, together with a third, hybrid logo stating just "Pizzeria" with smoke underneath, a logo Plaintiffs had not seen previously. *See* Ex. E, Aff. at ¶¶ 7–8, Images 2–4, 6–7. It is unclear when Defendants created these menus and this branding, but the exterior menu contained the disclaimer sticker required by the Order. Given the Order's July 23 requirement to use only the "Marco's Coal Fired" logo (one of the three included on these menus, and from what Plaintiffs understand, only

13

entered into use by Defendants at or right around the time of the Order), Defendants apparently

designed this layout *after* the Order, purposefully retaining the old "Marco's Coal Fired Pizzeria"

name.  Even with the presence of a small disclaimer sticker on certain of the outside, pocket

menus (not on all smaller menus), Defendants' purposeful concurrent use of these marks on its

marketing is confusing to customers—the exact confusion underlying the purpose for the Order.

As another example, the Marco's Coal-Fired homepage at *www.marcoscfp.com* continues

to use the logo and phrase "Pizza Fired By Passion" immediately underneath the word "Marco's"

in the new logo, but that phrase is blacked out unless highlighted after searching for the word

"Pizza."  See screenshot taken October 10, 2018:



Although unclear why Defendants have blacked out this phrase, it is difficult for

Defendants to assert that the phrase and this language is not an intentional use of the word

"pizza" in conjunction with "Marco's," something expressly prohibited by Paragraph 2 of the

Order, which bars the use of "any tradename for restaurant operations" that includes "Marco's"

in conjunction with "Pizza" or "Pizzeria."  The words are used concurrently and in combination

with one another, juxtaposed and positioned directly next to each other on the webpage—again,

what the Order intends to preclude.  And another "box" logo with the "Pizza Fired by Passion"

phrase appears near the bottom of the page, beneath the "Marco's" name.  *See* Ex. B

Screenshots, *e.g.*, Oct. 10, 2018 Attachment at p. 1, and Oct. 18, 2018 Attachment at pp. 1–3.

Perhaps most unsettling is the Defendants' professed lack of awareness of the multitude

of ongoing violations in its restaurants.  *See, e.g.*, Ex. C (Defendants' counsel's October 7

statement that "we are not aware of any corrections that need to be made to . . . marketing or

advertising outside of social media, that fall within the terms of the PI."); see *also* Ex. E, Aff. of

N. DeWeese (detailing numerous violations at the Inverness restaurant location, 64 days after the

deadline for compliance).  As documented by detailed photographs, *see* Ex. E, these numerous

ongoing violations prevent Defendants from arguing that they have made "in good faith all

reasonable efforts to comply" with the Order.  *See Eighth District*, 2011 WL 1399691, at *4.

Finally, even where Defendants slowly made changes to certain of their materials, it is

unclear when these changes were made or what specific efforts were taken to comply with the

Order.  Although there is no certification requirement in the Order, Defendants have provided

virtually no information about their compliance efforts.  It appears Defendants maintain that at

least some changes may have been made in an "initial scrub" shortly before the July 23, 2018

Order, but Plaintiffs continued to identify numerous violations beginning immediately after the

Order was entered.  And Plaintiffs did not hear from Defendants until after they sent notice on

September 18, 2018 — 53 days after the compliance deadline.  *See* Ex. B and Screenshots dated

September 10, 2018 (45 days out), and September 18, 2018 (53 days out).  Although some

changes appear to have taken place approximately 55–60 days after the date for compliance,

Defendants again have been vague in terms of  specifying what changes were made and when.[1]

*See* Ex. D (Plaintiffs' Oct. 1 letter, noting continued frustration with ongoing violations and no

response).  While Plaintiffs had no obligation to do so, it was only through their own diligence in

monitoring Defendants' compliance that they were able identify these ongoing violations.  Every

indication suggests that if Plaintiffs hadn't raised their concerns, Defendants' violations would

have continued unabated, especially as many have plainly continued to date, 82 days after the

compliance deadline.

> 4. **Defendants Should Be Required to Show Cause Why They Should Not Be Held in Civil Contempt.**

Given these facts and circumstances, civil contempt sanctions are appropriate to force

Defendants' compliance with the Court's Order.  There is substantial, clear, and convincing

evidence of Defendants' violations well beyond the compliance deadline — violations that

continue to cause the potential for – if not actual – marketplace and consumer confusion, one of

the key issues in this case.  And Plaintiffs continue to suffer damages each day they continue.

Defendants simply cannot produce factual evidence to meet their burden showing that

they did not violate the Court's Order, or that they should be somehow excused from

---

[1]  Defendants may argue that their counsel's July 20 email request, sent before the order was issued, asking Plaintiffs to "please take a look at the website, signage, etc." and noting "[w]e think all of this is done, but I don't want to revisit on the 27th if you disagree" should somehow excuse their non-compliance. *See* Ex. A.  That argument is misplaced.  Plaintiffs had no obligation to review Defendants' materials for compliance; that duty falls on the Defendants. And regardless of whether Plaintiffs responded to counsel's vague email request, Defendants still have violated and continue to violate the Order.  Put simply, Defendants cannot now try to hang their numerous, demonstrable violations on an email exchange, particularly when Defendants made no additional efforts to correspond on this issue; Plaintiffs did not hear from Defendants until 56 days after the compliance deadline, after Plaintiffs sent their initial conferral letter.

compliance.  The Order's language, drafted and approved by Defendants, was clear and unambiguous.  Defendants have no good excuse for not abiding by their own commitments to the Court, and the language of the Order which required that they would immediately cease use of "Marco's Coal Fired Pizzeria" and stop using the words "pizza" or "pizzeria" in consumer-facing materials, or in conjunction with the word "Marco's" — particularly when the evidence undoubtedly demonstrates that Defendants continue to use these violative tradenames and logos in their restaurants and materials.  And the half-hearted changes Defendants did make could not have been made in good faith with the Order or its compliance deadline, when such changes were only undertaken months after that deadline, and only after Plaintiffs were forced to raise the issue of Defendants' noncompliance.

With every indication that violations will continue without the Court stepping in, "the character and magnitude of the harm threated by the continued contumacy" supports a finding of civil contempt and an order of sanctions against Defendants as necessary and appropriate relief to compel compliance.  *See Eighth District*, 2011 WL 1399691, at *5.

## CONCLUSION

Plaintiffs respectfully submit that the Court should grant this Motion and require Defendants to show cause why they should not be held in civil contempt for violations of the Preliminary Injunction Order.  Plaintiffs further request that the Court order all other relief it deems appropriate, including but not limited to requiring Defendants to (1) provide a full accounting of all steps taken to comply with the injunction and file ongoing certifications of compliance with the Order; (2) pay daily fines until Defendants purge the contempt; and (3) pay Plaintiffs' costs and fees associated with bringing this motion.

Respectfully submitted this 17th day of October, 2018.

*/s/ James G. Sawtelle*
James G. Sawtelle
Nicholas M. DeWeese
Christopher M. Jackson
Sherman & Howard, L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email:  jsawtelle@shermanhoward.com
         ndeweese@shermanhoward.com
         cjackson@shermanhoward.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 17, 2018, I filed Plaintiff's Motion for Order to Show Cause Why Defendants Should Not be Held in Civil Contempt for Violations of Preliminary Injunction via CM/ECF and served a copy on the following counsel of record:

Valissa Tsoucaris
Tsoucaris Law
3000 Holly Street
Denver, CO 80207
(303) 229-1090
valissa@tsoucarislaw.com

Tim Atkinson
Kira Suyeishi
Ireland Stapleton Pryor & Pascoe
717 17th Street, Suite 2800
Denver, CO 80202
(303) 623-2700
tatkinson@irelandstapleton.com
ksuyeishi@irelandstapleton.com

*Attorney for Defendants*

*/s/ Patricia Rendoff*

Sherman & Howard, L.L.C.